UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:13-cr-00036-RLY-WGH |
| | ) | |
| GREGORY P. STODGHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by counsel, and hereby files its sentencing memorandum for the Court to consider in determining the appropriate sentence for the Defendant, Gregory P. Stodghill.

INTRODUCTION

Gregory P. Stodghill was indicted on June 26, 2013 and charged with two counts of tax evasion, one count of attempting to interfere with the administration of Internal Revenue laws, and one count of making a false statement.   On September 11, 2013, the parties filed a Memorandum of Plea Agreement and on the same date Stodghill entered a plea of guilty to Count 2 of the Indictment (tax evasion for calendar year 2008), consistent with the agreement.   Case agent Janet L. DeLancey testified at the change of plea hearing and provided a factual basis for the plea which was fully acknowledged by the Defendant.   Those uncontested facts are captured in the offense conduct section (Paragraphs 4-13) of the Pre-Sentence Investigation Report.   The Court accepted the plea and set this matter for sentencing.

1

<u>TERMS OF THE PLEA AGREEMENT</u>

Critical to the process to be followed in the Court's assessment of the appropriate sentence in this case are two significant provisions of the plea agreement.   First, as provided in Paragraph 5, the government is free to present evidence regarding the manner in which the Defendant generated his income in the years 2006 through 2008, inclusive.   Second, as provided in Paragraph 6, the conduct underlying Counts 1, 3 and 4 of the Indictment constitutes relevant conduct for purposes of sentencing on Count 2, the count of conviction.   Accordingly, the Court may consider this broad range of additional information in fashioning its sentence.

<u>SUMMARY OF RELEVANT FACTS</u>

During the calendar year 2006, Stodghill received gross income totaling approximately $218,000.   Stodghill failed to timely file his 2006 personal tax return by April 16, 2007 and failed to make any tax payments to the IRS for his 2006 taxes.

In January and February 2006, Thomas T. Schooley (separately charged) and Stodghill implemented a property "flipping" scheme in Evansville, Indiana.   In late 2005, Stodghill contacted Schooley and identified himself as a real estate developer and approached Schooley about finding an investor for a group of properties in Evansville.   Subsequently, Stodghill and Schooley devised a scheme in which Stodghill, via Managed Investment Residential Solutions LLC (MIRS), purchased 18 properties in Evansville for their fair market value and then "flipped" them to Schooley's investor on or about the same day for a sale price more than double the amount Stodghill just paid for them.   The investor, who was ignorant of the fraud scheme, paid a total sales price of more than $1.6 million for the 18 properties.   All of the closings were conducted at River City Land Title in Evansville by Shannon Libbert (separately charged), who acknowledged

2

preparing false HUD-1 closing statements for these transactions.

An integral part of the fraud scheme was obtaining overstated appraisals so that the properties could be sold to the investor at a substantial enough sales price to fund Stodghill's initial purchase of the property and make a significant profit for both Stodghill and Schooley. According to Schooley, Stodghill told him that he had an appraiser "in his pocket" and they could get the appraisals for whatever they needed.   For each property, either Stodghill or Schooley provided the appraiser with the purchase agreement, which included the inflated price the property was being sold for by MIRS to the investor. The appraiser then prepared an inflated appraisal for the amount stated on the agreement.   The appraiser on these properties was Dave Phillips, who is deceased.   When Phillips prepared these appraisals he was no longer a licensed appraiser, so he forged his daughter's signature on the pertinent appraisals.   Phillip's daughter Rebecca was a licensed appraiser at the time and she has reviewed each of the appraisals and confirmed that they had been grossly overstated.   She explained that she avoided contact with Stodghill because he made her feel uncomfortable and described him as being "almost stalker-like."

As stated above, a portion of the closing proceeds received from the sale of the properties from MIRS to the investor was used to fund MIRS/Stodghill's initial purchase of the properties. To conceal their activities, Stodghill and Schooley used a series of official checks instead of bank accounts to conduct their financial transactions.

During January and February 2006, Schooley and Stodghill received proceeds totaling more than $875,000 from this scheme.

During the 2006 tax year, Stodghill received net proceeds totaling approximately $218,000 from the property flipping scheme via cash, wire transfers, or official and cashier's checks that he

deposited into his multiple bank accounts.   During 2006, Stodghill's wife spent more than $52,000 of these funds at a Vincennes, Indiana clothing boutique.   Stodghill's remaining unreported income was spent on various personal living expenses.

As a result of this scheme, a majority of the properties were foreclosed and the lenders lost substantial monies.

<u>2008 TAX YEAR</u>

During the calendar year 2008, Stodghill received gross income totaling approximately $952,500.   Stodghill failed to timely file his 2008 personal tax return by April 15, 2009 and failed to make any tax payments to the IRS for his 2008 taxes.

Stodghill's primary source of income was from his involvement in various financial investment schemes that he conducted with Richard DeMaria, a business associate in Chicago, IL. Based on Stodghill's representations that he had vast knowledge of the financial instrument industry, the European financial market and connections to successfully put together deals that would generate huge profits, DeMaria and Stodghill collaborated on several fraudulent financial ventures.

Between January and May 2008, DeMaria wire transferred funds from his various business bank accounts to Stodghill's personal bank accounts as commissions or advances for Stodghill's role in their numerous financial schemes.

In the summer of 2008, Stodghill approached DeMaria about leasing a financial instrument and subsequently introduced DeMaria to a group of investors who each paid $25,000 to establish an offshore entity and then made a $250,000 investment in the project.     DeMaria and Stodghill utilized Panaroma Global Partners Inc., an offshore entity formed in the British Virgin Islands and

Panaroma Global Partners LLC, a domestic entity, to operate the project.   DeMaria and Stodghill used a small portion of invested funds to pursue the project and split the remaining funds between themselves.

In that regard, on October 9, 2013, DeMaria was charged in the Northern District of Illinois with wire fraud for fraudulently obtaining $4.2 million from 11 investors by making materially false statements to the investors about a purported investment program in which investor money would be used to lease bank-issued instruments.   Within the filed Information (see attachment), Stodghill is referred to as "Co-Schemer A."   Basically, DeMaria and Stodghill made numerous false statements and representations to investors regarding the expected return on the investments, the risk of investments, and the use of investor funds.   Per the Information, DeMaria and Stodghill misappropriated approximately $3.9 million of investor funds. DeMaria pled guilty as charged to the Information on December 6, 2013.

Between September 2008 and December 2008, Stodghill received $750,000 income from investors' funds.   Specifically, Panorama Global Partners wired $150,000 into an account Stodghill opened in the name of Gulf Shore Investments Limited Partnership in September 2008. Gulf Shore was a domestic shell entity Stodghill created in 2007.   Stodghill used the funds for his living expenses.   In October 2008, Stodghill directed DeMaria to wire $600,000 from Panama Global Partners LLC account to the escrow account of Lawrence County Title Company in Lawrenceville, IL for Stodghill to purchase a residence that he had titled in the name of Unimeo Foundation, an offshore foundation in Panama.   Stodghill purchased Unimeo to conceal his income and ownership of the property.   On December 31, 2010, Stodghill had the title of the property transferred from Unimeo to The Grand Caye International & Irrevocable Trust, which

was formed in Belize.   On December 7, 2012, the residence was sold to a third party for $200,000 and the proceeds were wire transferred to Belize.

As another source of income, in July 2008 Stodghill received $100,000 from an attorney's escrow account as his fee for using his purported vast financial expertise and connections in the world financial market to obtain a line of credit to build a water treatment facility in Mali, West Africa.   The project was not funded, however Stodghill retained his fee and used the funds for personal living expenses.

When initially interviewed by case agents on August 23, 2011, Stodghill falsely claimed that his tax return preparer had prepared his 2006, 2008 and other years' tax returns and that he (Stodghill) had filed them.   After the interview, Stodghill contacted his return preparer and explained that the IRS and FBI had contacted him and he needed to get his delinquent tax returns, including 2006 and 2008, prepared.   In January 2012, the IRS received a 2006 tax return from Stodghill. However, the return was false in that it omitted Stodghill's income from the property flipping scheme that he received via currency and checks that were deposited directly into his personal account instead of his MIRS business account.   Stodghill never provided sufficient documentation for the return preparer to complete his 2008 return.

On July 3, 2012, Stodghill admitted to one of the case agents that he had not filed tax returns for several years and felt sick each year on April 15th.

On October 9, 2012, Stodghill mailed frivolous documents to the IRS Chief Financial Officer, United States Attorney's Office, and the IRS case agent that included new 1995 through 2011 tax returns; coupons totaling more than $1.2 million for payment of his tax liability, including a coupon that purported to pay $966,789 for his 2008 taxes; a "Privately Registered

6

Setoff Bond" in the amount of $1,231,952.03; a "Statement of Account" that falsely asserted that

he owed no tax for 2008 or any year; a "Forgive Me Request"; UCC Financing Statement; and

related documents.   Again on October 24, 2012, and November 5, 2012, Stodghill mailed

additional frivolous documents to the IRS, United States Attorney's Office, and the IRS case

agent.   On November 28, 2012, Stodghill then filed a "Writ for Declaratory Challenge" in this

Court challenging the enforceability of the United States Code.

<u>CONCLUSION</u>

Based upon the facts stated herein, the offense conduct included in the Pre-Sentence

Investigation Report and the evidence and argument that will be presented at the sentencing

hearing, the United States will recommend that the Court impose a sentence of imprisonment of

sixty (60) months and an order of restitution to the Internal Service for the criminal tax loss of

$407,324.

Respectfully submitted,

s:/James M. Warden_____
James M. Warden
Assistant United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN   46204
317-226-6333
317-226-6125 (fax)
james.warden2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2013, a copy of the foregoing Government's Sentencing Memorandum was filed electronically.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

Barbara Coyle Williams
WILLIAMS LAW, PC
Email: bcw@bwilliamslaw.com

By:    <u>s:/James M. Warden</u>
James M. Warden
Assistant United States Attorney

8